UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20598-CR-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NIOVEL CHIRINO-ALVAREZ and
LAZARO MARTINEZ-PADRON,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the government's Motion for Reconsideration of Bond (DE# 36, 7/29/08). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the government's Motion for Reconsideration of Bond (DE# 36, 7/29/08) is **DENIED**.

The government moves for reconsideration of the bonds issued to the defendants.[1] According to the government, the bonds should be reconsidered because "[t]he superceding indictment contains additional charges against the defendants for conspiracy to commit hostage taking and hostage taking, in violation of 18 U.S.C. § 1203(a)." See Motion for Reconsideration of Bond (DE# 36 at 1, 7/29/08). The circumstances of the defendants' arrest and the nature of the defendants' charged crimes are delineated in the affidavit accompanying the criminal complaint and were proffered to the Court at the detention hearing on June 23, 2008. The government

---

[1] Defendant Lazaro Martinez-Padron failed to appear at his arraignment and is believed to have absconded. See Order (DE# 46, 8/10/08). A warrant has been issued for defendant Martinez-Padron's arrest. Id.

argues that "the new information learned through law enforcement's interviews with the Cuban nationals demonstrates that [the defendants] pose a significant risk to the community. Both [defendants] held the Cuban nationals against their will and threatened to kill them - either directly or through innuendo." Motion for Reconsideration of Bond (DE# 36 at 5, 7/29/08). In paragraph 5 of the affidavit accompanying the complaint, the affiant relates that defendant Chirino-Alvarez "threatened that if the money was not paid, he would have to take the migrants back to Cuba, and that it is a dangerous journey, implying that migrants often fall into the sea." See Complaint (DE# 1 at 4, 6/18/08). Thus, at the detention hearing, the Court was sufficiently aware of the threat posed by the defendants. Based on the information that was already presented to the Court at the detention hearing, the new information presented by the government does not have a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2)(B).

DONE AND ORDERED, in Chambers, at Miami, Florida, this **12th** day of August, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

U.S. District Court Judge Graham
All counsel of record